UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| HARRY DENKER, | : |
| | : Case No. 1:09-cv-774 |
| Plaintiff, | : (Judge Timothy S. Black) |
| | : |
| vs. | : **STIPULATED** |
| | : **CONFIDENTIALITY AND** |
| THE PROCTER & GAMBLE COMPANY, | : **PROTECTIVE ORDER** |
| | : |
| Defendant. | : |
| | : |

Pursuant to agreement between the parties, the Court hereby enters the following Stipulated Confidentiality and Protective Order pursuant to Federal Rule of Civil Procedure 26. The Court hereby orders that:

1. (a) This Confidentiality and Protective Order ("Order") governs the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof (collectively "material"), produced, given or filed during discovery and other proceedings in these actions.

(b) The provisions of this Order shall apply to (i) the parties in this action and (ii) any other person producing or disclosing material in this action who agrees to be bound by the terms of this Order. As used herein, "person" includes the named parties in this action and others who have agreed to be bound by this Order.

2. Any party may designate as "confidential" any material that it produces in the course of discovery proceedings herein when such party in good faith believes such material contains trade secrets or sensitive personal, competitive, commercial, financial, proprietary, or privileged information.

3. Confidential material shall be subject to the following restrictions:

      (a)    Confidential material shall be used only for the purpose of this action (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such material be given or shown for the purposes permitted under this paragraph, as set forth in paragraph 3(b) below.

      (b)    Confidential material may be disclosed, for the purposes set forth above, only to:

          (i)    the parties to this action and/or employees of the parties who need access to confidential material for the purpose articulated in paragraph 3(a), above;

          (ii)    counsel of record for the parties and employees of counsel;

          (iii)    the Court (including court reporters, stenographic reporters and court personnel);

          (iv)    experts retained by the parties or counsel; and

          (v)    any other person as to whom the producing party agrees in writing.

      (c)    All pleadings or other court filings that incorporate or disclose confidential material shall be labeled "Documents Subject to Protective Order" and filed under seal in accordance with the Court's rules and/or any order(s) issued by the Court and shall remain under seal until the Court orders otherwise.

      (d)    Any disclosure of confidential material at trial or in any other court proceeding herein shall be made *in camera* unless the Court orders otherwise.

(e) Notwithstanding any of the foregoing provisions, this Order has no effect upon, and its scope shall not extend to, any party's use of its own confidential material.

4. Each person given access to confidential material pursuant to the terms hereof (other than persons described in paragraphs 3(b)(i-iii) above) shall be advised that (i) the confidential material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof; and (ii) that the violation of the terms of this Order (by use of the confidential material for business purposes or in any other impermissible manner) may constitute contempt of a court order. Before any person (other than persons described in paragraphs 3(b)(i-iii) above) is given access to confidential material, he or she must execute the annexed certificate.

5. Confidential material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on the first page of any such document prior to production.

(b) In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains confidential material.

(c) Any party may, no later than seven (7) days after receipt of a deposition transcript, designate all or any portion thereof as confidential under the terms of the Order by providing notice in writing to the other party. Alternatively, a party may designate deposition testimony as confidential by making that designation on the record at the deposition. All copies of deposition transcripts that contain confidential matter shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Clerk, shall be filed under seal.

(d) All briefs, memoranda, pleadings or other filings with the Court that incorporate or disclose confidential material shall be appropriately labeled on the cover page and filed under seal.

6. (a) No party concedes that any material designated by any other person as confidential material does in fact constitute confidential material or has been properly designated as confidential material. Any party may at any time move for (i) modification of this Order or (ii) relief from the provisions of this Order with respect to specific material, including the use of confidential material as exhibits at depositions of non-parties to these actions or at depositions of persons who are not employees or agents of parties to these actions. In addition, the parties may agree in writing or on the record to necessary modifications of this Order.

(b) Any failure or omission to designate material as confidential does not waive a party's right to subsequently designate material as confidential upon notice to the other party.

(c) A party shall not be obligated to challenge the propriety of the designation of material as confidential material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may apply for an appropriate ruling(s) from the Court. The material in issue shall continue to be treated as designated until the Court orders otherwise.

7. This Order, insofar as it restricts the communication and use of confidential material, shall continue to be binding throughout and after the conclusion of this litigation,

4

including any appeals. At the conclusion of this action, all confidential material shall be destroyed or returned promptly to the producing person, except that counsel for the parties need not destroy or return any confidential material that became a part of the court record in this action (by use as trial exhibit, inclusion in a court filing, inclusion in the record on any appeal or otherwise).

8. The parties do not waive the attorney-client privilege by producing any document in this litigation, including documents containing client-identifying information.

**SO ORDERED.**

*Timothy S. Black*
Judge Timothy S. Black

Have Seen And Agree:

/s/ Mark G. Arnzen, Jr.
Mark A. Vander Laan (0013297)
Mark G. Arnzen, Jr. (0081394)
DINSMORE & SHOHL LLP
255 East 5th St., Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
Email: mark.vanderlaan@dinsmore.com
Email: mark.arnzen@dinsmore.com

Counsel for Defendant The Procter & Gamble Company

/s/ Adam C. Sherman
Glenn V. Whitaker (0018169)
 Trial Attorney
Eric W. Richardson (0066530)
Adam C. Sherman (0076850)
Vorys, Sater, Seymour and Pease LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 723-4000
Fax: (513) 723-4056 (Facsimile)
gvwhitaker@vorys.com
ewrichardson@vorys.com
acsherman@vorys.com

Counsel for Plaintiff,
Harry Denker, d/b/a Harry's Model Management and d/b/a ELF Inkasso & Photomodelservice

5

## **CERTIFICATE**

I certify my understanding that confidential material is being disclosed to me pursuant to the terms and restrictions of an Agreed Confidentiality and Protective Order (the "Order") dated December ____, 2012 in *Harry Denker v. The Procter & Gamble Company*, United States District Court, Southern District of Ohio, Western Division, Case No. 1:09-cv-774, and that I have been given a copy of and have read the Order and agree to be bound by it. I understand that all confidential material and copies including, but not limited to, any notes or other transcription made from such protected documents, shall be returned by me to counsel who provided them to me no later than thirty (30) days after the termination of this proceeding.

Agreed:

_____
Signature

_____
Print Name

_____
Date